IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 SEP 28 P 1: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TOURI EUGENE ABBOTT, and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., Plaintiffs, | ) ) ) ) ) |
| vs. | ) Case No. **2:20-cv-00776** ) ) |
| MEGA TRUCKING, LLC, MUL-TY VIBES, INC., and PATRICE LUMUMBA MORGAN, Defendants. | ) **DEMAND FOR JURY TRIAL** ) ) ) |

## COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Touri Eugene Abbott is an individual over the age of nineteen and is a resident of Dale County, AL.

2. Plaintiff Phillip's Auto Recycling & Salvage, Inc. is an Alabama Corporation, with its headquarters and principal place of business are in Dale County, Alabama.

3. Defendant Mega Trucking, LLC is a limited liability company incorporated in the State of Florida, with its headquarters and principal place of business in Dade County. Upon information and belief, this Defendant was doing business in Pike County, Alabama.

4. Defendant Mul-ty Vibes, Inc is a corporation incorporated in the State of Florida, with its headquarters and principal place of business in Charlotte County. Upon information and belief, this Defendant was doing business in Pike County, Alabama.

5. Defendant Patrice Lumumba Morgan is an individual over the age of nineteen and is upon information and belief, a resident of Charlotte County, Florida.

6. The incident giving rise to this claim occurred in Pike County, Alabama.

7. The amount in controversy is in excess of $75,000 for each Plaintiff. Plaintiff, Phillip's Auto Recycling & Salvage, Inc., claims property damage, lost income, and other expenses in excess of $75,000.00. Plaintiff, Touri Eugene Abbott, has suffered injuries, mental anguish, pain and suffering, and medical expenses in an amount to be determined, that is in excess of $75,000.00.

8. Jurisdiction is proper pursuant to 28 U.S. Code § 1332 as diversity of citizenship exists between the parties and the amount in controversy is in excess of the statutory requirement.

9. Venue is proper pursuant to 28 U.S. Code § 1391 as the actions giving rise to this claim occurred in Pike County, Alabama.

## FACTS

10. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the complaint.

11. On or about August 24, 2020, Patrice Lumumba Morgan was operating a tractor-trailer or "semi-truck" owned by Patrice Lumumba Morgan D/B/A Mul-ty Vibes, Inc. Said semi-truck was further being operated in the scope of Patrice Lumumba Morgan's employment with Mega Trucking, LLC.

12. Upon information and belief, Patrice Lumumba Morgan was at all times material to Plaintiffs' Complaint an employee of Mega Trucking, LLC and was acting in the scope and course of his employment.

13. Defendant Mega Trucking, LLC was responsible for the hiring and training of its drivers. Upon information and belief, at all times material to Plaintiffs' Complaint, Defendant

Mega Trucking, LLC's hiring, training, and retention policies did not meet Department of Transportation Standards.

14. Plaintiff Touri Eugene Abbott was operating the semi-truck owned by Plaintiff Phillip's Auto Recycling & Salvage, Inc. in a lawful and prudent manner at all times relevant hereto.

15. While operating the semi-truck in Pike County, Alabama, Defendant Patrice Lumumba Morgan was travelling south on US HWY 231 and attempted to turn left onto County Road 7723.

16. Defendant Patrice Lumumba Morgan turned into traffic, failing to yield the right of way to the semi-truck being driven by Plaintiff, Touri Eugene Abbott.

17. Plaintiff Touri Eugene Abbott attempted to avoid collision with the semi-truck driven by Patrice Lumumba Morgan but was unable to do so.

18. The resulting collision caused the 2012 Peterbilt semi-truck owned by Plaintiff Phillip's Auto Recycling & Salvage, Inc. to overturn. Said semi-truck and trailer were totaled

19. Plaintiff Touri Eugene Abbott received numerous injuries, to include, but not limited to multiple disc herniations in his lower back.

## COUNT III (Negligence)

20. Plaintiffs re-allege, adopt, and incorporate all allegations and paragraphs heretofore contained in the Complaint.

21. At the aforesaid date and place, Defendant Patrice Lumumba Morgan negligently operated the 2007 Freightliner semi-truck and trailer. More specifically, Defendant Morgan failed to maintain a proper lookout, failed to yield the right of way, and turned

into oncoming traffic causing a collision. These actions and/or omissions occurred while in the scope of Defendant Morgan's employment with Mega Trucking, LLC.

22. As a proximate consequence and the direct result of the negligence of Defendants, the Plaintiffs suffered damages.

23. WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count one, for compensatory, and punitive damages, in an amount determined by a jury.

## COUNT II (Wantonness)

24. Plaintiffs re-allege, adopt, and incorporate all allegations and paragraphs heretofore contained in the Complaint.

25. At the aforesaid date and place, and upon information and belief, Defendant Patrice Lumumba Morgan wantonly operated the 2007 Freightliner semi-truck and trailer. More specifically, Defendant Morgan was driving while simultaneously using a cellular phone, GPS, or other hand-held device and failing to maintain a proper lookout and failing to yield the right of way to oncoming traffic. These actions and/or omissions occurred while in the scope of Morgan's employment with Mega Trucking, LLC.

26. The wantonness of Defendant Morgan caused the semi-truck to collide with the Plaintiffs' semi-truck.

27. As a proximate consequence and the direct result of the wantonness of Defendants, the Plaintiffs suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count two, for compensatory, and punitive damages, in an amount determined by a jury.

### COUNT IV (Negligent and Wanton Hiring, Retention, Training, Supervision, Policies, and Procedures, etc. – Mega Trucking, LLC)

28. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the Complaint.

29. Mega Trucking, LLC negligently and wantonly hired, retained and failed to enforce, train, supervise, monitor and implement policies and procedures that would prevent or allow Patrice Lumumba Morgan to operate the semi-truck owned by Mul-ty Vibes, Inc and its trailer in a manner that caused Patrice Lumumba Morgan to crash into the semi-truck owned, operated, or occupied by Plaintiffs.

30. Mega Trucking, LLC is in the freight shipping and trucking transportation business which requires the hauling of cargo by trucks on federal, state, and county roads/highways. Mega Trucking, LLC had a duty to Plaintiff and others to hire competent drivers. Mega Trucking, LLC also had a duty to ensure the competency of its drivers by properly training and supervising all drivers operating vehicles in the line and scope of employment with Mega Trucking, LLC. The acts and/or omissions of Mega Trucking, LLC constitute negligent and wanton hiring, retention, training, monitoring, and supervision.

31. As a direct result of the negligent and wanton failure to ensure the competency of its drivers, enforce or implement reasonable safety policies and procedures, hire and retain

qualified drivers and train and supervise its drivers regarding its policies and procedures and to ensure that Federal and Alabama traffic laws are followed, the Plaintiffs were caused to suffer damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count three, for compensatory, and punitive damages, in an amount determined by a jury.

## COUNT IV (Combined and Concurring Negligence)

32. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the Complaint.

33. The negligence, wantonness, or other wrongful acts of all Defendants in this case combined and concurred to cause injuries and damages to Plaintiffs as alleged in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count four, for compensatory, and punitive damages, in an amount determined by a jury.

## DAMAGES

34. The conduct of Defendants caused all Plaintiffs to receive damages as described individually and in greater detail below.

35. Plaintiff Touri Eugene Abbott was caused to suffer permanent and lasting severe physical injuries, pain, mental anguish, medical expenses, loss of wages, and will be forced to undergo medical procedures and continue to incur medical expenses into the future.

36. Plaintiff Phillip's Auto Recycling & Salvage, Inc. was caused to suffer substantial property damage, loss of income, loss of services, and incurred tow fees and other miscellaneous costs.

### JURY TRIAL DEMANDED AS TO ALL COUNTS OF COMPLAINT

Respectfully submitted this the 24th day of September 2020.

Attorney for Plaintiffs:

Adam E. Parker (PAR164)
Alabama State Bar # 8185C81A
Of Counsel:
Capps, Gil & Parker, LLC
111 Adris Place, Suite 2
Dothan, Alabama 36303
Tel: 334.673.0100
Fax: 334.673.1300
aparker@wiregrassattorneys.com

### REQUEST FOR SERVICE OF PROCESS

The Plaintiffs hereby request that the Summons and Complaint in this case be served upon the following Defendants by Certified Mail at their respective mailing addresses as follows:

| | | |
|---|---|---|
| Mega Trucking, LLC<br>c/o Erick Rodriguez<br>5979 NW 151 St., Suite 101<br>Miami Lakes, FL 33014 | Mul-ty Vibes, Inc.<br>c/o Patrice Morgan<br>22418 Peachland Blvd<br>Port Charlotte, FL 33954 | Patrice Lumumba Morgan<br>22418 Peachland Blvd<br>Port Charlotte, FL 33954 |