IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:20-CV-776-WKW ) [WO] |
| MEGA TRUCKING, LLC, MUL-TY VIBES, INC., and PATRICE LUMUMBA MORGAN, | ) ) ) ) |
| Defendants. | ) |

## **ORDER**

This diversity action arises from a collision between two tractor-trailers in Pike County, Alabama, on August 24, 2020. The Complaint alleges that Defendant Patrice Morgan caused the accident when Mr. Morgan made a left turn in front of Plaintiff Touri Abbot's tractor-trailer as he (Mr. Abbott) was traveling north on Highway 231. For two years after the collision, Mr. Abbott received medical treatment from multiple physicians for lower back pain, but the pain did not subside. Ultimately, surgery was recommended, and on August 16, 2022, Mr. Abbott underwent back surgery by Lee Kelly, M.D. (Doc. # 45, at 5.)

Before the court is Defendants' motion to allow rebuttal expert testimony from Dr. Kenneth Jaffe, an orthopedic surgeon.[1] (Doc. # 43.) Defendants have retained Dr. Jaffe to "offer rebuttal testimony concerning [Mr. Abbott's] injuries, causation, need for future treatment, and recovery prognosis." (Doc. # 43 at 4.) The gist of Defendants' motion is that, if Mr. Abbott intends to present expert testimony from his treating physicians "as to a diagnosis, causation, and prognosis," Defendants want to offer rebuttal expert testimony from Dr. Jaffe. (Doc. # 53 at 2.) For the following reasons, Defendants' motion will be denied as unnecessary and as moot because Mr. Abbott has not disclosed any expert testimony and represents that his treating physicians will not offer expert testimony.

Section 8 of the scheduling order set deadlines for the disclosure of "any person who may be used at trial to present evidence under Rules 701, 702, 703, and 705 of the Federal Rules of Evidence" and also provided that "[t]he parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony." (Doc. # 26 ¶ 8 (citing Fed. R. Civ. P. 26(a)(2)).) Pertinent here, Rule 26(a)(2)(D)(ii) requires a party to disclose a rebuttal expert witness report "within 30 days after the other party's disclosure" if the evidence offered in the report "is

---

[1] Defendants originally moved the court to order an independent medical examination of Mr. Abbott. (Doc. # 43.) Defendants later withdrew that motion after learning that Mr. Abbott had surgery on August 16, 2022. (Docs. # 50, 51.) The only issue remaining is whether Defendants may present rebuttal expert testimony from Dr. Jaffe.

2

intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Based upon a review of the relevant portions of the record, Defendants' motion to allow rebuttal expert testimony is unnecessary for two reasons. First, the deadline under the scheduling order for Mr. Abbott to make his expert disclosures was February 7, 2022. (Doc. # 26 at 2.) Mr. Abbott did not disclose any expert testimony by that deadline. (Doc. # 43 at 5.) Second, Mr. Abbott represents that he is not offering "Dr. Timothy Monroe or Dr. Lee Kelly as experts . . . to testify on causation" and that no expert testimony "is expected as the treating physicians are not qualified to testify as to causation for an 18-wheeler collision." (Doc. # 45 at 6.) Mr. Abbott says elsewhere that "there is no expert for Dr. Jaffe to rebut." (Doc. # 45 at 5.)

Mr. Abbott will be held to his representation that his treating physicians will not offer expert testimony at trial and, because Mr. Abbott did not disclose any expert testimony as required by the scheduling order and Rule 26(a)(2), he will not be permitted at trial to offer expect testimony from his treating physicians. Any dispute about what constitutes expert testimony from a treating physician can be addressed, if needed, in a properly supported motion *in limine* at the appropriate time.

Accordingly, it is ORDERED that Defendants' motion to allow rebuttal expert testimony from Dr. Kenneth Jaffe (Doc. # 43) is DENIED as unnecessary and as moot.

DONE this 31st day of October, 2022.

                                            /s/ W. Keith Watkins  
                                 UNITED STATES DISTRICT JUDGE