IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TOURI EUGENE ABBOTT and           )
PHILLIP'S AUTO RECYCLING &         )
SALVAGE, INC.,                     )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )      CASE NO. 2:20-CV-776-WKW
                                   )              [WO]
MEGA TRUCKING, LLC,                )
PATRICE LUMUMBA MORGAN,            )
and MUL-TY VIBES, INC.,            )
                                   )
          Defendants.              )

## ORDER

This lawsuit arises out of a collision between two tractor-trailer trucks. On August 24, 2020, Patrice Lumumba Morgan (Morgan) was operating a tractor-trailer owned by Mul-Ty Vibes, Inc. (Mul-Ty) during the scope of his work for Mega Trucking, LLC (Mega). Traveling south on a U.S. highway in Pike County, Alabama, Morgan attempted to turn left when a northbound tractor-trailer, owned by Phillip's Auto Recycling & Salvage, Inc. and operated by Touri Abbott, collided with the tractor-trailer being operated by Morgan.

Before the court is Plaintiffs' motion to amend the complaint for a third time, filed December 9, 2022. (Doc. # 76.) The proposed Third Amended Complaint adds (1) claims for negligence and wantonness against Mega, presumably based on

the doctrine of *respondeat superior*, (2) negligence and wantonness claims that Mega and Mul-Ty "allowed Morgan to operate the semi-truck and trailer without insurance" in violation of state and federal laws, and (3) claims for negligent entrustment against Mega and Mul-Ty for failure to ensure that Morgan was listed as a scheduled driver on Mega's motor vehicle liability insurance policy with Prime Property and Casualty, Inc.  (Doc. # 76–4 at 4–6, 9–10.)  Because the deadline to amend the pleadings was March 25, 2021 (Doc. # 26 ¶ 4), Defendants argue that the proposed amendment is untimely.  They also contend that the amendment would be prejudicial, among other things.  (Doc. # 87.)  For the reasons to follow, the motion will be denied.

Because Plaintiffs move to amend their complaint after the scheduling order's deadline of March 25, 2021, they "must first demonstrate good cause under Rule 16(b)" of the Federal Rules of Civil Procedure before the court "will consider whether amendment is proper under Rule 15(a)" of the Federal Rules of Civil Procedure.  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Additionally, although Rule 15(a) provides that "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), justice does not require an amendment where "there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties," or where the amendment would

be futile. *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs have failed to demonstrate good cause for the amendment. First, Plaintiffs have not shown that they were diligent in seeking to amend the complaint to add claims against Mega under the doctrine of *respondeat superior* based on its agency relationship with Morgan. Defendants have submitted evidence that Plaintiffs have known about the relationship between Mega and Morgan since, at the latest, September 15, 2021 (Doc. # 87-1, 87-2), and Plaintiffs do not explain why they waited so long to add these claims. In addition to the unexplained delay, the addition of these new claims so close to the trial date, and after motions for summary judgment have been fully briefed, would be unduly prejudicial to Defendants.

Second, Plaintiffs' efforts to add multiple tort claims premised on Mega's and Mul-Ty's alleged failure to ensure that Morgan had commercial insurance coverage would be prejudicial.[1] The Third Amended Complaint would interject the issue of

---

[1] As set out in a letter dated June 23, 2021, Prime Property & Casualty Insurance (Prime) is defending Mega and Morgan under a reservation of rights based on a commercial auto liability policy issued to Mega, with coverage dates of April 11, 2020, through April 11, 2021. (Doc. # 76-1.) However, in a letter dated November 23, 2022, Prime informed Mega and Morgan that "[t]here are provisions in the Policy that may impact coverage for the Abbott/Philip's Auto claim." (Doc. # 76-2 at 2.) Namely, Prime stated that Morgan's name was not added to a scheduled driver until after the August 24, 2020 accident. Prime represented that, while "there may be no coverage under the Policy for the Abbott/Philip's auto claim," it was "continuing to investigate and evaluate this matter pursuant to a reservation of rights." (Doc. # 76 at 2.) The November 23, 2022 letter prompted Plaintiffs to file this third motion to amend the Complaint on December 9, 2022, to add

insurance coverage into a liability dispute, and Plaintiffs' motion fails to address why Rule 411 of the Federal Rules of Evidence would not bar evidence on insurance coverage. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."). In addition, because there has been no federal-court declaratory judgment on the coverage issues, *see* 28 U.S.C. § 2201, the court would have to conduct a mini-trial to resolve legal issues concerning insurance coverage and whether Morgan was a scheduled driver during the coverage period. Plaintiffs' motion does not address this legal predicament.

Accordingly, it is ORDERED that Plaintiffs' motion to amend the complaint for a third time (Doc. # 76) is DENIED.

DONE this 24th day of February, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

intentional tort claims against Mega and Mul-Ty arising from the question of Morgan's coverage under the Prime policy.