IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEGA TRUCKING, LLC, PATRICE LUMUMBA MORGAN, and MUL-TY VIBES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:20-CV-776-WKW <br> [WO] |

**SUPPLEMENTAL ORDER**

The February 24, 2023 Order denied Plaintiffs' third motion to amend the complaint on grounds that the amendment was untimely and would be unduly prejudicial. (Doc. # 98.) This Order provides a supplemental reason for the court's ruling: The amendment would have been futile.

A court may deny leave to amend where the amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation and internal quotations marks omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).

The proposed Third Amended Complaint sought to add claims for negligence and wantonness against Mega Trucking, LLC (Mega) and Mul-Ty Vibes, Inc. (Mul-Ty) on grounds that they "allowed [Patrice Lumumba] Morgan to operate the semi-truck and trailer without insurance" in violation of Alabama law and federal regulations (Counts 1 and 2). (Doc. # 76-4 at 4 (¶ 21), at 6 (¶ 26).) The proposed Third Amended Complaint also sought to add a claim for negligent entrustment against Mega for failing to list Morgan as a scheduled driver on Mega's motor vehicle liability insurance policy with Prime Property and Casualty, Inc. (Count 6) and a similar claim for negligent entrustment against Mul-Ty for failing to ensure that Mega insured Morgan (Count 6). (Doc. # 76-4 at 9–10.) These claims, which arise from Morgan's alleged lack of insurance coverage, fail to plausibly allege a shared essential element: proximate cause.

"Proximate cause is an essential element of both negligence claims and wantonness claims." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (citations omitted); *see also Day v. Williams*, 670 So. 2d 914, 916 (Ala. 1995) ("One who negligently entrusts a motor vehicle to an incompetent driver who is likely to cause injury to others because of the driver's incompetence may be liable for damages that *proximately result* from that entrustment (emphasis added)). "Proximate cause is an

act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." *Martin*, 643 So. 2d at 567 (citation omitted). "An injury may proximately result from concurring causes; however, it is still necessary that the plaintiff prove that the defendant's negligence caused the injury." *Id.* (citation omitted).

For the present analysis, it is assumed that Mega and Mul-Ty acted negligently and wantonly in failing to ensure that Morgan had liability insurance for the collision and in entrusting a tractor-trailer to an uninsured driver. However, Plaintiffs still must show that these negligent and wanton acts were the proximate cause of Abbott's physical injuries and the damage to the tractor-trailer.

There are no facts in the proposed Third Amended Complaint suggesting that Mega's and Mul-Ty's failure to ensure that Morgan had motor vehicle liability insurance was a proximate or concurring cause of the collision on August 24, 2020. Plaintiffs do not allege that Morgan's lack of insurance coverage caused the collision. Rather, Plaintiffs allege that Morgan caused the accident because he "turned into traffic, failing to yield the right of way" to Abbott. (Doc. # 76-4 at 4.) In other words, Morgan's negligent and wanton driving, not Abbott's lack of insurance, proximately caused Plaintiffs' harm. Because no facts suggest a causal link between Morgan's lack of insurance and the collision, his lack of insurance

3

cannot sustain the claims of negligence, wantonness, and negligent entrustment in Counts 1, 2, and 6.[1]  Denial of Plaintiffs' third motion to amend the complaint was appropriate for the additional reason that the amendment would have been futile.

Accordingly, it is ORDERED that the February 24, 2023 Order is supplemented with the foregoing additional reason for the court's ruling.

DONE this 7th day of March, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] There could be a scenario where the absence of insurance would be relevant to show proximate cause.  For example, imagine a hypothetical where Mega and Mul-Ty knew that Morgan was uninsurable because he was too high of a risk, yet they permitted him to drive.  The lack of insurance in that circumstance might provide notice to Mega or Mul-Ty that Morgan had specific deficiencies in his driving skills that later contributed to the collision.  *Cf. Wright v. McKenzie*, 647 F. Supp. 2d 1293, 1299 (M.D. Ala. 2009) ("Wright has not indicated the suspension of his [CDL] was in anyway related to [the defendant's] competence as a driver . . . ."); *Britt v. USA Truck, Inc.*, No. 2:06cv868, 2007 WL 4554027, at *5 (M.D. Ala. 2007) ("Alabama law reveals that the probative value of a suspended license in the context of [negligent entrustment] claims . . . depends upon the reason underlying the suspension.").  But those hypothetical facts are not alleged in the proposed Third Amended Complaint or in any prior iteration of the complaint.