IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-776-WKW [WO] |
| MEGA TRUCKING, LLC, MUL-TY- VIBES, INC., and PATRICE LUMUMBA MORGAN, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on March 13, 2023, wherein the following actions were taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

Adam E. Parker and Reginald D. McDaniel on behalf Plaintiffs, Touri Abbott and Phillips Recycling & Salvage, Inc.

Jonathan K. Corley on behalf of Mega Trucking, LLC; and

Blake L. Oliver on behalf of Patrice Lumumba Morgan and Mul-Ty Vibes, Inc.

2. <u>JURISDICTION AND VENUE</u>:

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Venue is proper because the motor vehicle accident giving rise to this action occurred in Pike County, Alabama, which is located in the Northern Division of the Middle District of Alabama.

3. <u>PLEADINGS</u>:  The following pleadings and amendments were allowed:

> Plaintiffs' Second Amended Complaint (Doc. # 33);
>
> Mega Trucking, LLC's Answer to Second Amended Complaint (Doc. # 35);
>
> Patrice Lumumba Morgan and Mul-Ty Vibes, Inc.'s Answer to Second Amended Complaint (Doc. # 36)

4. <u>CONTENTIONS OF THE PARTIES</u>:

**(a) Plaintiffs**

(a)     The injuries Mr. Abbott received on August 24, 2020, were devastating and adversely altered his life forever.  Touri Abbott's life altering and permanent injuries were directly caused by this collision as a result of the negligence and wantonness committed by Mega Trucking, LLC, Mul-ty Vibes and commercial truck driver defendant, Patrice L. Morgan, jointly and severally.  Mr. Abbott's medically documented injuries include loss of full L-spine extension and loss of full

spine flexion, L-Spine spine tenderness, intervertebral disc space narrowing L4-L5, and intervertebral disc space narrowing L5-S1, soft tissue exam shows swelling of paralumbar soft tissues, T-Spine: decreased joint space, T8-T9 left paracentral disc protrusion, T9-T10 left foraminal stenosis, L5-S1, and left paracentral disc protrusion measures 2.2 cm. Medical records also document modest deflection proximal left S1 nerve root, underlying bilateral disc bulge and bilateral foraminal stenoses with, mild facet hypertrophy, L4-5 and L5-S1 disc protrusions, compressing the L5 and S1 nerve roots respectively.

Mr. Abbott underwent back surgery on August 16, 2022, by Dr. Mark Kelly to repair the large, herniated disc. While initial reports reported some improvement, the road to maximum recovery is still unknown. His injuries are permanent, and he lives in persistent pain.

Mr. Abbott also had documented reports of pertinent positives for bowel incontinence and erectile disfunction, the former complained of immediately after the collision.

Mr. Abbott's medical damages and permanent disability have been testified to by Dr. Leo Chen and Dr. Mark Kelley. The injuries rendered Mr. Abbott unable to work since the collision on August 24, 2020.

Philips Recycling and Salvage: Property Damage for Phillip's Recycling & Salvage, Inc. property damage and a tow bill for the following estimated/actual amounts:

| | |
|---|---|
| 2012 Peterbilt 389 semi-truck | $60,000.00 |
| 1990 Trailer | $20,000.00 |
| Tow bill | $43,700.00 |

Plaintiffs submit that liability is clear with regard to both negligence and wantonness by Mega Trucking, Mul-Ty Vibes and Patrice Morgan. Morgan testified that he thought he had enough time to make the illegal left turn in the face of oncoming highway travel. Morgan guessed wrong, and his actions in misjudging the radius of the turn added to the negligent and wanton operation of his tractor trailer.

In Alabama, negligence, in the operation of a vehicle, may occur upon a public highway without regard to, or without any violation of, any rule of the road. "*Negligence*" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances. *See Shackleford v. Brumley*, 437 So. 2d 1044 (Ala. Civ. App. 1983). A reasonably prudent, properly trained commercial truck driver would not have failed to yield the right of way into oncoming highway traffic with the oncoming traffic clearly in view.

4

In a recent Alabama Supreme Court case, *T&J White, LLC v. Williams*, No. SC-2022-0480, 2022 WL 16847601, at *5 (Ala. Nov. 10, 2022), the court affirmed a verdict against defendants for $500,000 compensatory damages for negligence, $250,000 compensatory damages for wantonness, and $750,000 punitive damages for wantonness, arising from a rear-end collision.  Evidence showed the plaintiff's car was decelerating while approaching a red or yellow light; the defendant driver Morse, behind the plaintiff, saw the traffic light and saw plaintiff's car; Morse accelerated over the speed limit in an attempt to make it through the light and rear-ended plaintiff's car; Morse was on his cell phone at the time of the collision.

The defendants, citing *Ex parte Essary*, 992 So. 2d 5 (Ala. 2007) (driver ran a stop sign attempting to squeeze between two oncoming cars that had the right of way) and *Phillips v. United Servs. Auto. Ass'n*, 988 So. 2d 464 (Ala. 2008) (where a driver took her eyes off the road before veering into oncoming traffic) argued that they were entitled to judgment as a matter of law (JML) on the wantonness claim. The court said, "However, *Phillips* and *Essary* involved merely inadvertence or ill-advised attempts to dodge other vehicles; here, substantial evidence showed Morse accelerated toward the plaintiff's vehicle, raising the question of whether Morse acted consciously and intentionally.  The trial court properly denied JML as to wantonness.

Here, Morgan testified and the video evidence proves Morgan saw Abbott's tractor-trailer in clear view before he decided to "push" the accelerator in an attempt to clear Hwy 231 when Morgan failed to yield the right of way. These actions by Morgan were done consciously and intentionally, thereby constituting wantonness.

Mega Trucking is responsible for any judgment against Patrice Morgan, and Mul-Ty under 49 C.F.R. § 390.5 of the Federal Motor Carrier Safety Regulations (FMCSR). Mr. Morgan (and his LLC—Mul-Ty-Vibes) acted as an agent of Mega Trucking. He is an "employee" as defined by 49 C.F.R. § 390.5: An employee is "*any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (**including an independent contractor while in the course of operating a commercial motor vehicle**), a mechanic, and a freight handler.*"

**(b) Defendant Mega Trucking, LLC**

Mega Trucking, LLC ("Mega") contends that it maintained an owner-operator relationship with Mul-Ty Vibes, Inc. ("Mul-Ty"), who owned the 2007 Freightliner truck involved in the collision.

On August 24, 2020, Patrice Morgan was operating the 2007 Freightliner owned by Mul-Ty on U.S. Highway 231 in Pike County, Alabama.

Mega contends that Morgan was properly qualified to operate the tractor and was a competent driver under Alabama law.

Mega denies negligently hiring, training, supervising, or retaining Morgan or Mul-Ty.

Mega denies committing any independent act that caused or contributed to this accident.

Mega denies liability for the accident and further denies that Morgan is legally responsible for the same.

Mega disputes the extent and severity of the injuries claimed by Abbott in this case. Mega also disputes that some or all of Abbott's medical treatment following the accident was caused by the accident.

**(c) Defendants Morgan and Mul-Ty Vibes, Inc.**

Patrice Morgan contends that he was involved in a motor vehicle accident with Touri Abbott on August 24, 2020, on US 231 in Pike County, Alabama (the "accident").

At the time of the accident, Morgan was driving a 2007 Freightliner truck owned by Mul-Ty Vibes, Inc. and Abbott was driving a 2012 Peterbilt tractor-trailer, owned by Phillip's Auto Recycling & Salvage, Inc., which was hauling crushed vehicles.

Morgan contends that at the time of the accident, he was driving a truck owned by Mul-Ty Vibes, Inc., as an independent contractor for Mega Trucking, LLC.

Morgan contends that he was in route to pick up a load from Rex Lumber at the time of the accident.

Morgan denies that he caused or contributed to the accident.

Morgan contends that neither he nor Morgan were transported to the hospital from the accident scene.

Morgan disputes the extent and severity of the injuries claimed by Abbott in this case. Morgan also disputes that some or all of Abbott's medical treatment following the accident was caused by the accident.

5. STIPULATIONS BY AND BETWEEN THE PARTIES:

1. Patrice Morgan ("Morgan") and Touri Abbott ("Abbott") were involved in a motor vehicle collision on August 24, 2020.

2. The semi-tractor trailers' collision occurred at the intersection of U.S. Highway 231 and County Road 7723 in Pike County, Alabama.

3. Abbott was operating a commercial motor vehicle (a 2012 Peterbilt) owned by Phillips Auto Recycling & Salvage, Inc. ("Phillips")

4. Morgan was operating a commercial motor vehicle (a 2007 Freightliner) owned by Mul-Ty Vibes, Inc. ("Mul-Ty"), of which Morgan is the sole shareholder.

5. Mul-Ty and Morgan operated as an independent contractor for only Mega LLC at the time of the collision.

6. Mul-Ty leased the 2007 Freightliner to Mega and was operating under Mega's operating authority provided by the United States Department of Transportation, covered by 49 CFR § 390.5 of the FMCSR.

7. Abbott presented to the hospital for medical treatment on August 25, 2020.

8. Both vehicles were damaged in the collision.

9. While operating the semi-truck in Pike County, Alabama, Defendant Patrice Lumumba Morgan was travelling south on US HWY 231 and attempted to turn left onto County Road 7723, across US HWY 231 North.

10. The collision occurred during the left turn attempt by Defendant Patrice Lumumba Morgan to cross the northbound lanes on U.S. Hwy 231North.

11. The resulting collision caused the 2012 Peterbilt semi-truck owned by Plaintiff Phillip's Auto Recycling & Salvage, Inc. to overturn.

6. The jury selection and trial of this case, which is to last four days, is set for **March 27, 2023, at 10:00 a.m., in the Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Courtroom 2-B, Montgomery, Alabama.** The attorneys shall be present in the courtroom **no later than 9:00 a.m. on March 27, 2023.**

7. If there is more than one case to be tried, a trial docket will be provided to counsel for each party approximately one week prior to the start of the trial term.

8. The parties shall file proposed verdict forms with legal citations, on or before **March 20, 2023**.

9. Reply briefs in support of motions *in limine* are not required, but if the parties choose to file reply briefs, they shall be filed on or before **March 17, 2023**.

9. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **March 20, 2023**.

10. The parties shall jointly prepare and submit to chambers on or before **March 20, 2023**, three identical three-ringed binders, each containing one copy of pre-marked exhibits. The binder shall contain joint exhibits (*i.e.*, those exhibits that are relevant, not subject to objections, and certain to be introduced at trial); Exhibits of Plaintiffs that may be used, or that are or may be contested, denominated and numbered as Plaintiffs' Exhibits; Exhibits of Defendants that may be used, or that are or may be contested, denominated and numbered as Defendants' Exhibits. On the same date, the parties shall submit to chambers three copies of the jointly prepared exhibit list, which shall delineate all objections to exhibits and responses to objections. The parties shall direct questions about this procedure to the law clerk assigned to the case.

11. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act, particularly with regard to redactions.

12. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order.

13. The parties have indicated that there are no other disputes at this time.

If any party has an objection to the deadlines or content of this Pretrial Order, the party shall file an objection on or before **March 20, 2023**. Otherwise, all understandings, agreements, deadlines and stipulations contained in this Pretrial Order shall be binding on all parties unless modified by the court.

DONE this 14th day of March, 2023.

                                               /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE