IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., <br><br>Plaintiffs,<br><br>v.<br><br>MEGA TRUCKING, LLC, PATRICE LUMUMBA MORGAN, and MUL-TY VIBES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:20-CV-776-WKW<br>)              [WO]<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the court is Defendants' Motion *in Limine*. (Doc. # 106.) Plaintiffs filed a Response in Opposition. (Doc. # 124.) It is ORDERED that the motion is GRANTED in part and DENIED in part as follows:

(1) Defendants' motion to preclude evidence of other lawsuits filed against Defendants (Doc. # 106 at 1) is DENIED. There is insufficient information as to the nature of these other lawsuits or the purpose for introducing them for the court to make an informed ruling about their admissibility under Rules 401, 403, and 404(b) of the Federal Rules of Evidence. Plaintiffs are instructed not to discuss other lawsuits in their opening statements. Should Plaintiffs seek to introduce evidence of

other lawsuits filed against Defendants, upon objection by Defendants, Plaintiffs must show at side bar a proper foundation and purpose for the evidence.[1]

(2)     Defendants' motion to exclude *voir dire* examination "on the issue of an award of a specific monetary sum" (Doc. # 106 at 2) is DENIED to the extent that limited references to potential damages are relevant to probe jurors' biases regarding large damage awards. Questioning the jurors regarding specific large verdicts, however, will not be permitted.

(3)     Defendants' motion that "*voir dire* examination which touches upon issues of insurance, in any fashion, be conducted by the court" (Doc. # 106 at 2) is DENIED as moot to the extent that the court's practice is to conduct *voir dire* and to ask the questions posed by the attorneys. The parties shall alert the court if they have follow-up questions about insurance, and, if so, those questions and their appropriateness will be discussed at side bar.

(4)     Defendants' motion to prohibit Plaintiffs from mentioning verdicts in other cases (Doc. # 106 at 2) is GRANTED because such evidence is irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 403.

(5)     Defendants' motion to exclude evidence or argument on the "wealth or poverty of the Parties" (Doc # 106 at 2) is GRANTED. *See Ex parte Hsu*, 707 So.

---

[1] Plaintiffs' statement that "[e]vidence of other lawsuits is direct evidence of the[] charges in the complaint" does not supply a sufficient foundation or purpose for the admissibility of other lawsuits filed against Defendants. (Doc. # 124 at 3.)

2d 223, 225 (Ala. 1997) (Under "long-standing Alabama law," "evidence of a defendant's wealth is highly prejudicial and, therefore, inadmissible [during trial]." (citation and internal quotation marks omitted)); *Holt v. State Farm Mut. Auto. Ins. Co.*, 507 So. 2d 388, 391 (Ala. 1986) ("[A] reference by counsel for either party to the wealth or economic condition of either party is improper and prejudicial.").

(6) Defendants' motion to preclude "evidence of medical treatment, medical treatment records, and medical bills that lack a proper foundation" (Doc. # 106 at 2) is DENIED. Requests that the court "enforce the rules governing trial"—such as not admitting evidence that lacks a proper foundation—are "not properly the subject of a motion *in limine*." *Ctr. Hill Cts. Condo. Ass'n v. Rockhill Ins. Co.*, No. 19-CV-80111-BB, 2020 WL 496065, at *3 (S.D. Fla. Jan. 30, 2020) (citing *Holder v. Anderson*, No. 3:16-CV-1307-BJD, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)); *Holder*, 2018 WL 4956757, at *1 ("Motions *in limine* should . . . not serve as reinforcement regarding the various rules governing trial . . . ."). In addition, whether expert testimony is required for the introduction of "evidence of medical treatment, medical treatment records, and medical bills" (Doc. # 106 at 2) is discussed in a separate order ruling on Defendants' Second Motion *in Limine*.

(7) Defendants' motion to exclude "evidence of speculative future medical treatment" (Doc. # 106 at 3) under Federal Rules of Evidence 401 and 403 is DENIED. Defendants are correct that "[e]vidence of a party's future need for medical treatment and the attendant costs must not be speculative." *Goins v.*

3

*Advanced Disposal Servs. Gulf Coast, LLC*, 333 So. 3d 644, 653 (Ala. 2021) (citation omitted). However, Defendants have not provided enough information or argument for the court to make an informed ruling on whether the evidence is speculative. Should Plaintiffs seek to introduce speculative evidence of future medical treatment at trial, Defendants can make a proper, contemporaneous objection.

(8)   Defendants' motion arguing that testimony about what non-party physicians "may have said regarding [Mr. Abbott's] medical condition" is inadmissible hearsay, unless the "physician testifies live at trial or by deposition" (Doc. # 106 at 3), is DENIED. Defendants have not shown that this testimony is "clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Should Plaintiffs seek to introduce such testimony, Defendants can make an appropriate, contemporaneous objection, and Plaintiffs will be required to show that the testimony is not hearsay or, if it is hearsay, that it falls within an exception to the hearsay rule.

(9)   Defendants' motion to preclude Plaintiffs from "mentioning or attempting to use testimony or evidence of offers of compromise or settlement" (Doc. # 106 at 3) is GRANTED. Plaintiffs do not contest this aspect of Defendants' motion *in limine*. (Doc. # 124 at 7.)

(10)   Defendants' motion to preclude Plaintiffs from "offering evidence of any prior accidents or driving violations of" Defendant Patrice Morgan (Doc. # 106

4

at 3) is DENIED. Defendants have not shown that this evidence is "clearly inadmissible" for proving the claims against Defendants Mega Trucking, LLC, and Mul-Ty Vibes, Inc., for negligent hiring, training, supervision, and retention. *Gonzalez*, 718 F. Supp. 2d at 1345; (*see also* Doc. # 119 at 14–21 (summary judgment opinion).)

(11) Defendants' motion to exclude the introduction and contents of the accident report (Doc. # 106 at 11) is GRANTED. *See* Ala. Code § 32-10-11 (providing that accident reports cannot "be used as evidence in any trial, civil or criminal, arising out of an accident"); *see also Brannon v. Swift Transp. Co. of Arizona*, No. 2:20-CV-623-ECM, 2021 WL 5989145, at *7 (M.D. Ala. Dec. 17, 2021) (applying § 32-10-11 in a diversity case (citing *Cardona v. Mason & Dixon Lines, Inc.*, 737 F. App'x 978, 981–82 (11th Cir. 2018))). Plaintiffs represent that they "do not plan to offer the accident report as evidence." (Doc. # 124 at 8.) But Plaintiffs will not be precluded from stating the fact that an accident report was completed. (*See* Doc. # 124 at 8.)

(12) Defendants' motion to preclude Plaintiffs "from testifying to or mentioning insurance" for any purpose (Doc. # 106 at 4) is DENIED. As Defendants recognize, "[e]vidence concerning liability insurance is inadmissible except for certain limited purposes." (Doc. # 106 at 4.) Plaintiffs represent that they "do not plan to introduce evidence of liability insurance, unless the Defendants attempt to deny that Defendant Morgan was acting under the authority and control of Defendant

Mega Trucking." (Doc. # 124 at 8.)  Should Plaintiffs seek to introduce evidence of insurance for an impermissible purpose, Defendants can make an appropriate, contemporaneous objection.  However, Defendants have not shown that evidence of liability insurance is "clearly inadmissible" for all purposes.  *Gonzalez*, 718 F. Supp. 2d at 1345.

(13)    Defendants' motion to preclude the investigating officers from testifying about "the cause of the accident forming the basis of this action" (Doc. # 106 at 4–5) also is the topic of one of Defendants' *Daubert* motions (Doc. # 58).  The ruling will be addressed in the Order ruling on that *Daubert* motion.

(14)    Defendants' motion to preclude Plaintiffs from mentioning "defenses raised by the Defendants in their answers or objections to discovery requests" (Doc. # 106 at 5) is DENIED.  Defendants have not shown that mentioning Defendants' defenses is "clearly inadmissible on all potential grounds."  *Gonzalez*, 718 F. Supp. 2d at 1345.

(15)    Defendants' motion to preclude Plaintiffs from arguing that the jury should "send a message" or act as the "conscience of the community" (Doc. # 106 at 5) is GRANTED to the extent that Plaintiffs are precluded from making arguments that ask the jury to abandon its role as the fact finder.  *See Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238–39 (5th Cir. 1985) ("Our condemnation of a 'community conscience' argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of

community loyalty, duty[,] and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders."). If punitive damages go to the jury, however, Plaintiffs are not precluded from making arguments consistent with Alabama's law on the purposes of punitive damages. *See generally* Ala. P. Jury Instr. § 11.03 ("The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. . . .").

(16) Defendants' motion to preclude Plaintiffs from asking the jury members to "put themselves in the place of Plaintiffs" (Doc. # 106 at 5–6) is GRANTED. *See McKinney v. Kenan Transp., LLC*, No. 2:14-CV-2-WHA, 2015 WL 1198692, at *1 (M.D. Ala. Mar. 16, 2015) (prohibiting the parties from making "golden rule" arguments, including "asking jurors to place themselves in the position of the Plaintiff").

DONE this 20th day of March, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE