IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 2:20-CV-776-WKW [WO] |
| MEGA TRUCKING, LLC, PATRICE LUMUMBA MORGAN, and MUL-TY VIBES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiffs' Motion *in Limine*. (Doc. # 112.) Defendants filed a Response in Opposition. (Doc. # 127.) The motion will be granted in part and denied in part.

Plaintiffs move to exclude twelve categories of evidence. Defendants do not oppose Plaintiffs' motion to exclude eight of these categories[1]: (1) the absence of live testimony from a witness; (2) dismissed claims; (3) experts who have withdrawn; (4) statements that "money will not undo the injury and damage that Plaintiffs may have sustained"; (5) statements that any Defendant "regrets the

---

[1] For consistency, this list tracks Plaintiffs' numbering system. Defendants object to categories (7), (8), (11), and (12). (Doc. # 127 at 2–5.)

occurrence in question"; (6) expert testimony based on conjecture or speculation; (9) statements that Defendants "must pay the verdict" themselves; and (10) insurance policies of Plaintiff Phillips Auto Recycling & Salvage. (Doc. # 112 at 1–4.) Plaintiffs' Motion *in Limine* will be granted as to the matters listed in (1)–(6), (9), and (10) because there is no controversy as to these categories of evidence. Categories (7), (8), (11), and (12) are left for the court's decision.

(7) **Mr. Abbott's Past Felony Convictions**

Plaintiffs move to exclude any prior alleged acts, convictions, or pleas taken by Mr. Abbott on grounds that such evidence is not relevant, is unduly prejudicial, is not proper impeachment evidence, and is prohibited character evidence. (Doc. # 112 at 3 (citing Fed. R. Evid. 401, 402, 403, 404(b), 609).) Defendants proffer that Mr. Abbott has three felony convictions for attempted murder (which occurred in 1996), for being a felon in possession of a firearm (which occurred in 2021), and for being a prohibited person carrying a firearm (which occurred in 2022). Defendants argue that these convictions are admissible to attack Mr. Abbott's credibility and to counter Mr. Abbott's lost wages claim. (Doc. # 127 at 3.) For example, Defendants argue that Mr. Abbott's three-month incarceration on the felon-in-possession conviction, which occurred after the August 24, 2020 accident, is relevant to Mr. Abbott's lost wages claim and that his "nearly 15 years" in prison

2

on the attempted murder conviction relates to "how [Mr. Abbott] usually spent his time before the injury." (Doc. # 127 at 3.)

Based upon careful consideration, impeaching Mr. Abbot with evidence of the 1996 conviction is improper under Rule 609(b) because of the passage of time and because the probative value of this evidence does not outweigh its prejudicial effect. Fed. R. Evid. 609(b)(1). Impeaching Mr. Abbott with evidence of the 2021 and 2022 convictions is proper under Rule 609(a)(1), and the probative value of this evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1), 403. The Motion *in Limine* will be granted as to the 1996 conviction and denied as to the 2021 and 2022 convictions.

(8)     **Third-Party Payments and Alabama's Collateral Source Statute**

Plaintiffs move to exclude evidence that a third-party purchaser paid Mr. Abbott's medical debt, the identity of the third-party purchaser, and the "very fact of the third party's existence." (Doc. # 112 at 4.) Plaintiffs argue that this evidence is not relevant because Mr. Abbott remains liable for the full debt. (Doc. # 112 at 3.) Defendants counter that evidence that Mr. Abbott's bills were paid by "a third-party medical debt purchaser" and that he is responsible for those bills is relevant "regarding the reasonableness of the medical charges." (Doc. # 127 at 4.) Defendants also point out that Plaintiffs have listed as an exhibit the agreement

3

between Mr. Abbott and the third-party payor (ML Healthcare), indicating that Plaintiffs themselves consider the evidence relevant. (Doc. # 127 at 4.)

Plaintiffs' objection is based on relevancy. Evidence is admissible if it is relevant. Fed. R. Evid. 402. And evidence is relevant if it makes a fact "of consequence" "more or less probable." Fed. R. Evid. 401. Plaintiffs' argument implicitly invokes Alabama's collateral source statute, Ala. Code § 12–21–45, which, contrary to Plaintiffs' position, permits evidence of third-party payments.[2] As succinctly explained by the Court of Civil Appeals of Alabama:

> Pursuant to subsection (a) of § 12–21–45, Ala. Code 1975, in civil actions in which damages arising from medical or hospital expenses are claimed and may be awarded, "evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence." Conversely, subsection (c) of § 12–21–45 provides that if a plaintiff can demonstrate that he or she "is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed," evidence concerning any such reimbursement or payment shall be "admissible." Taken together, these provisions operate to "'alter[ ] the collateral source rule in civil actions in which a plaintiff seeks damages for any medical or hospital expenses'" by affording defendants "'the option of introducing evidence that a collateral source has paid or will pay or reimburse[ ] a plaintiff for his medical or hospital expenses'"; in the event that that option is exercised, "'a plaintiff may present evidence as to the cost of obtaining the reimbursement or payment of medical or hospital expenses, including evidence of any right of subrogation claimed by the collateral source.'" *Melvin v. Loats*, 23 So.3d 666, 669–70 (Ala. Civ. App. 2009) (quoting *Senn v. Alabama Gas Corp.*, 619 So.2d 1320, 1326 (Ala. 1993) (Hornsby, C.J., concurring specially)).

---

[2] "This court sitting in diversity is obligated to apply section 12–21–45 as substantive law." *Bivins v. Cooper*, No. 2:18-CV-780-WKW, 2021 WL 5237236, at *1 (M.D. Ala. Nov. 10, 2021) (citing *Shelley v. White*, 711 F. Supp. 2d 1295, 1298 (M.D. Ala. 2010)).

*Daniels v. Kapoor*, 64 So. 3d 62, 64 (Ala. Civ. App. 2010). Under § 12–21–45, as discussed in *Daniels*, Defendants can introduce evidence of third-party payments, but Plaintiffs then can offer evidence that Mr. Abbott remains obligated to pay the medical debt. In other words, under § 12–21–45, evidence of third-party payments of Mr. Abbott's medical expenses is relevant to a determination of damages. To the extent it seeks to exclude evidence of third-party payments, Plaintiffs' Motion *in Limine* will be denied.[3]

(11) **Mr. Abbott's Past Employment Records**

Plaintiffs move to exclude evidence or mention of "any past termination or employment records of" Mr. Abbott. (Doc. # 112 at 5.) Plaintiffs argue that the evidence is irrelevant, unduly prejudicial, and only would confuse the jury and waste time. (Doc. # 112 at 5 (citing Fed. R. Evid. 401, 402, 403, and 404(b)).) Defendants

---

[3] Although not argued, Rule 403 of the Federal Rules of Evidence also poses no bar to the introduction of third-party payments. The prejudicial effect of evidence introduced under § 12–21–45 has been addressed by an Alabama court:

> Section 12–21–45(a) specifically allows plaintiffs to introduce evidence of the cost, if any, of obtaining reimbursement or payment of medical or hospital expenses. In addition, § 12–21–45(c) permits plaintiffs to introduce evidence that they will have to reimburse a third party who has paid their medical or hospital expenses from any damages award. Through introduction of that evidence, a plaintiff can ameliorate any prejudice from the introduction by the defendant of third-party payments of medical and hospital expenses. The statute therefore provides its own mechanism for assuring that a plaintiff is not unduly prejudiced by admission of evidence of third-party payments of medical and hospital expenses.

*Crocker v. Grammer*, 87 So. 3d 1190, 1194 (Ala. Civ. App. 2011) (internal citation omitted).

respond that Mr. Abbott's past employment records are relevant for determining lost wages and that the records "go to Mr. Abbott's veracity and truthfulness." (Doc. # 127 at 4.) Defendants add the following: "Several of the employers state that Mr. Abbott never worked for them, and one employer's description of Mr. Abbott's termination directly contradicts his version." (Doc. # 127 at 4.)

The arguments on this aspect of the Motion *in Limine* lack the specificity needed for an informed decision on whether the evidence should be excluded. The evidence of Mr. Abbott's past employment records will not be categorically excluded without more factual detail and context, and excluding the employment records as impeachment is premature until the nature of Mr. Abbott's testimony is known.[4] The Motion *in Limine* will be denied as to this category of evidence.

(12)   **Mr. Abbott's Application for Social Security Benefits**

Plaintiffs move to exclude evidence of Mr. Abbott's application concerning "decisions made in reference to Social Security Benefits." (Doc. # 112 at 5.) Plaintiffs rely on Federal Rules of Evidence 401, 402, 403, and 404(b) and state that the agency's determination was rendered under a non-adversarial administrative scheme. (Doc. # 112 at 5.) However, Plaintiffs do not describe the nature of the

---

[4] There is authority for the proposition that a plaintiff's past employment records may be relevant where lost wages are claimed. *See Garrett v. Sprint PCS*, No. 00-CV-2583-DJW, 2002 WL 181364, at *3 (D. Kan. Jan. 31, 2002). However, the evidence well may cross the line from relevant to unduly prejudicial if Defendants seek to litigate Mr. Abbott's past job performance.

documents, indicate the timeframe of the decision(s), or append the documents. Defendants respond that Mr. Abbott's application for social security benefits was denied and that the evidence is relevant to contradict Mr. Abbott's claims for future and permanent injuries. (Doc. # 127 at 5.) But Defendants do not indicate how the records contradict those claims for injuries.

The Motion *in Limine* will be granted as to the Social Security Administration's determination that Mr. Abbott was not disabled. As another court astutely has stated: The agency's "final determination of 'not disabled' may confuse the jury in their determination of the nature and extent of Plaintiff's injury." *Jacoby v. Admiral Merch. Motor Freight, Inc.*, No. 3:08-CV-145-KRG, 2010 WL 11694520, at *1 (W.D. Pa. Aug. 10, 2010). This danger of confusion, as well as unfair prejudice, substantially outweighs the evidence's probative value. *See* Fed. R. Evid. 403. The Motion *in Limine* otherwise will be denied for further factual development at trial, but the parties are forewarned that a mini-trial on the Social Security Administration record will not be allowed.

Based on the foregoing, it is ORDERED that Plaintiffs' Motion *in Limine* (Doc. # 112) is GRANTED in part and DENIED in part as follows:

(1) GRANTED, based on Defendants' concession, as to evidence or argument concerning the absence of live testimony from a witness, dismissed claims, experts who have withdrawn, statements that "money will not undo the injury and

7

damage that Plaintiffs may have sustained," statements that any Defendant "regrets the occurrence in question," expert testimony based on conjecture or speculation, statements that Defendants "must pay the verdict" themselves, and insurance policies of Plaintiff Phillips Auto Recycling & Salvage;

(2) DENIED as to third-party payments;

(3) GRANTED as to the 1996 conviction as impeachment evidence and DENIED as to the 2021 and 2022 convictions as impeachment evidence;

(4) DENIED as to evidence of Mr. Abbott's past termination and employment records;

(5) GRANTED as to evidence of the Social Security Administration's final determination of Mr. Abbott's claim for disability benefits and DENIED as to the exclusion of Mr. Abbott's application "for or decisions made in reference to Social Security Benefits."

DONE this 20th day of March, 2023.

                                                        /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE