IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOURI EUGENE ABBOTT and PHILLIP'S AUTO RECYCLING & SALVAGE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEGA TRUCKING, LLC, PATRICE LUMUMBA MORGAN, and MUL-TY VIBES, INC., <br><br> Defendants. | CASE NO. 2:20-CV-776-WKW <br> [WO] |

## **ORDER**

Before the case was submitted to the jury, Defendants Mul-Ty Vibes, Inc., and Mega Trucking, LLC, moved for judgment as a matter of law on Plaintiff's claim against each of them for the negligent hiring, supervision, and retention of Defendant Patrice Lumumba Morgan. *See* Fed. R. Civ. P. 50(a). The court submitted the case to the jury, subject to the court's later deciding the motions. *See* Fed. R. Civ. P. 50(b). The jury returned a verdict in favor of Plaintiff Touri Eugene Abbott on his claims against Mul-Ty Vibes and Mega Trucking (Doc. # 152), and Mul-Ty Vibes and Mega Trucking renewed their motions for judgment as a matter of law. *See* Fed. R. Civ. P. 50(b).

The standard for granting a Rule 50(b) motion is "the same as the standard for granting the pre-submission motion under 50(a)." *McGinnis v. Am. Home Mortg.*

*Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (cleaned up).  "[T]he question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is 'legally sufficient . . . to find for the party on that issue.'"  *Id.* (quoting Fed. R. Civ. P. 50(a)(1)).  "In considering whether the verdict is supported by sufficient evidence, 'the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party.'"  *Id.* (quoting *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1560 (11th Cir. 1995)).

The evidence was legally insufficient to support the verdict against Mul-Ty Vibes.  The evidence proved that Mr. Morgan was Mul-Ty Vibes's sole shareholder and that Mul-Ty Vibes owned the tractor Mr. Morgan was operating on the day of the collision.  However, there was no evidence that Mul-Ty Vibes hired or supervised Mr. Morgan.  The stipulated facts were that Mr. Morgan and Mul-Ty Vibes "operated as an independent contractor for" Mega Trucking and under Mega Trucking's "operating authority."  (Doc. # 150 at 5.)  There was no evidence that Mr. Morgan worked for Mul-Ty Vibes as an independent contractor, as an employee, or in any capacity.  For these reasons, there is no legally sufficient evidentiary basis to sustain the claim against Mul-Ty Vibes for negligently hiring, supervising, or retaining Mr. Morgan.  *See generally Jones Exp., Inc. v. Jackson*, 86 So. 3d 298 (Ala. 2010)) (discussing Alabama's tort of negligent hiring, supervision, and retention).

The evidence does not warrant the same outcome as to the claim against Mega Trucking. Based upon careful consideration of the evidence in the light most favorable to Plaintiff, there was a "legally sufficient evidentiary basis" to hold Mega Trucking liable on the claim alleging that it negligently hired, supervised, or retained Mr. Morgan. Fed. R. Civ. P. 50(a)(1).

Accordingly, it is ORDERED that Mul-Ty Vibes's renewed motion for judgment as a matter of law is GRANTED. Final judgment will be entered in favor of Mul-Ty Vibes and against Plaintiff.

It is further ORDERED that Mega Trucking's renewed motion for judgment as a matter of law is DENIED.

DONE this 11th day of April, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE